IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. Action No. 21-25-CFC |
| ) | |
| JOSEPH J. LEONETTI, JR., ) | |
| ) | |
| Defendant. ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The defendant was no mere possessor of child pornography, but a distributor who destroyed evidence when law enforcement arrived at his door.[1] He was part of a Kik group dedicated to pedophilia. PSR, ¶ 15. He shared at least one video with that group depicting two minor females engaged in sexual activity. PSR, ¶¶ 15-16. And pre- and post-pubescent child pornography was found on his phone. PSR, ¶¶ 23-26. But the true extent of the defendant's conduct is unknown because he deleted the Kik application from his phone when he saw law enforcement arrive at his residence. PSR, ¶ 29.

Under 18 U.S.C. § 2259(a), restitution to child pornography victims is mandatory. A defendant must be ordered to pay "the full amount of the victim's losses," which may include "any costs incurred by the victim" for:

    A. medical services relating to physical, psychiatric, or psychological care;
    B. physical and occupational therapy or rehabilitation;
    C. necessary transportation, temporary housing, and child care expenses;
    D. lost income;
    E. attorneys' fees, as well as other costs incurred; and

---

[1] *See also* Sealed Attachment A, which the government routinely attaches to sentencing memoranda.

> F. any other losses suffered by the victim as a proximate result of the offense.   18 U.S.C. § 2259(b)(1) and (3).

A court may not decline to issue a restitution order because of "the economic circumstances of the defendant" or "the fact that a victim has, or is entitled to, receive compensation for his or her injuries from the proceeds of insurance or any other source."  18 U.S.C. § 2259(b)(4).

The Supreme Court has held that "[r]estitution is . . . proper under § 2259 only to the extent the defendant's offense proximately caused a victim's losses."  *Paroline v. United States*, 134 S. Ct. 1710, 1722 (2014).  In *Paroline*, the petitioner pleaded guilty to possessing child pornography, including images of victim "Amy," who was sexually abused as a child and learned about the trafficking of photographs of her abuse at the age of 17.  *Id.* at 1717.  As the Supreme Court recognized:

> The knowledge that her images were circulated far and wide renewed the victim's trauma and made it difficult for her to recover from her abuse." *Id.* Akin to the suffering of many child victims, the crimes of Amy's abuser "were compounded by the distribution of images of her abuser's horrific acts, which meant the wrongs inflicted upon her were in effect repeated; for she knew her humiliation and hurt were and would be renewed into the future as an ever-increasing number of wrongdoers witnessed the crimes committed against her. *Id.*

Amy sought restitution from defendant Paroline for lost income, future treatment, and attorney's fees and costs, conceding that her losses did not flow from specific knowledge of defendant Paroline's identity or specific conduct.  *Id.* at 1718.

All members of the *Paroline* court agreed that 18 U.S.C. § 2259 requires proximate cause for all of the statute's loss categories.  *Id.* at 1722, 1730-31, 1735-36.  They also unanimously agreed that proximate causation was not at issue on the

facts of the case. *Id.* The majority opinion further recognized the pervasive problems caused by the trafficking of child pornography:

> The demand for child pornography harms children in part because it drives production, which involves child abuse. The harms caused by child pornography, however, are still more extensive because child pornography is "a permanent record" of the depicted child's abuse, and "the harm to the child is exacerbated by [its] circulation." *Id.* at 1716-17 (quoting *New York v. Ferber*, 458 U.S. 747, 759 (1982)).

Adopting an aggregate-causation theory based on tort law, the *Paroline* court held that when multiple causes combine to produce an event and no cause is necessary or sufficient, each cause can be said to be one cause-in-fact of the event. *Id.* at 1725-27. In other words, Paroline's criminal conduct contributed to the continuing harm suffered by the victim, and although "it is not possible to identify a discrete, readily definable incremental loss he caused, it is undisputable that he was part of the overall phenomenon that caused her general losses." *Id.* at 1726.

The Supreme Court then addressed how to calculate restitution in cases where "a defendant possessed a victim's images and that . . . victim has outstanding losses caused by the continuing traffic in those images but where it is impossible to trace a particular amount of those losses to the individual defendant." *Id.* at 1727. The Court concluded that defendants like Paroline should be required to pay "restitution in an amount that comports with the defendant's relative role in the causal process that underlies the victim's general losses," and that the amount should be determined by the district court, in the exercise of its discretion. *Id.* at 1727-28. Under such a framework, restitution orders "serve the twin goals of helping the victim achieve eventual restitution . . . and impressing upon offenders the fact that child-

pornography crimes, even simple possession, affect real victims." *Id.* at 1727.

*Paroline* emphasized that there is no "precise mathematical inquiry" governing this determination, and that district courts must exercise "discretion and sound judgment" in fashioning awards. *Id.* at 1727-28. To that end, courts should consider a variety of factors, including the number of defendants caught, likely to be caught, and existing in the world; whether the defendant produced or distributed the images; how many images he possessed; and "other facts relevant to the defendant's relative causal role." *Id.* at 1728. Using these "rough guideposts," courts should determine restitution orders that are not "severe" but also not "trivial . . . token or nominal." *Id.* at 1727-28.

In this case, law enforcement found images from 78 *known* series of child pornography on the defendant's phone.[2] Of those 78 series, 30 victims have been identified by the National Center for Missing and Exploited Children. Only five (5) of those 30 identified victims have submitted restitution claims for expenses, past and projected, included within 18 U.S.C. § 2259(b)(1) and (3). *See* PSR, ¶¶ 127-40. And 12 of those 30 identified victims have submitted Victim Impact Statements. The claims, filed by the victims' attorney, are summarized as follows:

---

[2] These numbers do not include the child pornography located in the Mega links that were found in the Notes Application of the defendant's phone. One of those links was live for 273 days after the defendant saved it and contained 111 videos, approximately 81 of which qualify under the federal definition of child pornography. PSR ¶¶, 30-34. The other links contained far more child pornography but were dead when saved. While this material may not be considered when calculating sentencing guidelines, it should be considered under 18 U.S.C. § 3553 as it provides a better picture of the defendant's appetites and conduct—both attempted and completed.

**Current Restitution Requests for U.S. v. Joseph J. Leonetti, Jr.**

| Child Victim (Pseudonym) | Total Losses | Restitution Requested* | Known Number of Previous Restitution Requests | Known Average Restitution Granted |
|---|---|---|---|---|
| April | $452,750 (treatment, damages, lost earnings, etc.) | $12,000 | 1 | $3,000 |
| Jenny | Likely to exceed $3 million (treatment, lost earnings, loss of enjoyment, etc.) | No less than $3,000 | 281 | $2950.71 |
| Lily | In excess of $6 million (medical costs, counseling, lost earnings, out-of-pocket costs, etc.) | $10,000 | 1210 | $11,665.02 |
| Pia | $286,000-$323,000 (counseling, medical care, and expenses, etc.) | $5,000 | 457 | $3,018.36 |
| Violet | $758,343.41-$803,968.41 (counseling, medical care, and expenses, etc.) | $10,000 | 204 | $4,314.55 |

*Pursuant to 18 U.S.C. § 2259(b)(2)(B), a minimum of $3,000 in restitution is mandatory for each victim.

All restitution payments should be directed to the respective attorneys listed below:

## April

Lenahan Law, P.L.L.C., F/B/O April
2655 Villa Creek, Suite 222
Dallas, Texas 75234

## Jenny

Marsh Law Firm PLLC, in trust for Jenny
Marsh Law Firm PPLC
ATTN: Jenny
PO Box 4668 #65135
New York, NY 10163-4668

## Lily
Carol L. Hepburn, in trust for Lily of the Vicky Series
PO Box 17718
Seattle, WA 98127

## Pia
Deborah A. Bianco, in trust for Pia
PO Box 6503
Bellevue, WA 98008

## Violet
Carol L. Hepburn, in trust for Violet of the At School Series
PO Box 17718
Seattle, WA 98127

The government agrees with probation's assessment of restitution and requests that this Court order $3,000 of restitution for each victim. The true amount of each victim's loss is a complicated combination of want and need—including but not limited to necessary, life-long counseling; lost wages; and attorney's fees. Restitution of $3,000 per victim is a reasonable figure that balances the twin goals of helping each victim and impressing upon offenders the fact that their actions affect real victims. Less than $3,000 approaches a trivial, token, nor nominal payment. But $3,000 is likewise not too severe. Moreover, restitution of $3,000 is *binding minimum* in child pornography cases pursuant to 18 U.S.C. § 2259(b)(2)(B) (effective December 7, 2018).

///

In conclusion, the defendant possessed images and videos of children being sexually abused. Moreover, he distributed at least one such video in an online community dedicated to the sexual abuse of children and pedophilia. The defendant watched and saved and shared these for his own personal, sexual gratification. Thus, he gained sexual pleasure in the abuse and humiliation of little children, communed with others who shared his appetites, and added fuel to the pandemic that is the child pornography industry. As such, the government recommends a guideline sentence followed by 120 months of supervised release and restitution of $3,000 for each eligible victim. Such a sentence is sufficient but not greater than necessary to reflect the seriousness of the offense, provide just punishment, and afford adequate deterrence—all pursuant to Title 18, United States Code, Section 3553.

      Respectfully submitted,

      DAVID C. WEISS
      United States Attorney

By:   */s/ Graham L. Robinson*
      Graham L. Robinson
      Assistant United States Attorney

Dated: September 7, 2021